1   **WO**

2

3

4

5

6          **IN THE UNITED STATES DISTRICT COURT**

7              **FOR THE DISTRICT OF ARIZONA**

8

9

10  Robert Lee Timberman,                    )     No. CV 12-0092-PHX-RCB (DKD)
                                             )
11          Plaintiff,                       )          **ORDER**
                                             )
12  vs.                                      )
                                             )
13  Arizona Department of Corrections, et al.,)
                                             )
14          Defendants.                      )
                                             )
15  ────────────────────────────────────────

16          On January 13, 2012, Plaintiff Robert Lee Timberman, who is confined in the Arizona

17  State Prison Complex-Winslow in St.Johns, Arizona, filed a *pro se* civil rights Complaint

18  pursuant to 42 U.S.C. § 1983, an Application to Proceed *In Forma Pauperis*, and a Motion

19  for Appointment of Counsel.  In a February 2, 2012 Order, the Court granted the Application

20  to Proceed, denied the Motion for Appointment of Counsel, and dismissed the Complaint

21  because Plaintiff had failed to comply with Local Rule of Civil Procedure 3.4.  The Court

22  gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in

23  the Order.

24          On February 21, 2012, Plaintiff filed a Motion for Appointment of Counsel and a First

25  Amended Complaint.  In a March 16, 2012 Order, the Court denied the Motion for

26  Appointment of Counsel and dismissed the First Amended Complaint for failure to state a

27  claim.  The Court gave Plaintiff 30 days to file a second amended complaint that cured the

JDDL   28

1   deficiencies identified in the Order.

2        On April 9, 2012, Plaintiff filed a third Motion for Appointment of Counsel and a

3   Second Amended Complaint.  In a May 11, 2012 Order, the Court denied the third Motion

4   for Appointment of Counsel and dismissed the Second Amended Complaint because Plaintiff

5   had failed to comply with Rule 8 of the Federal Rules of Civil Procedure.  The Court gave

6   Plaintiff 30 days to file a third amended complaint that cured the deficiencies identified in

7   the Order.

8        On June 12, 2012, Plaintiff filed a Third Amended Complaint (Doc. 15).

9   **I.       Statutory Screening of Prisoner Complaints**

10       The Court is required to screen complaints brought by prisoners seeking relief against

11  a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

12  § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

13  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

14  be granted, or that seek monetary relief from a defendant who is immune from such relief.

15  28 U.S.C. § 1915A(b)(1), (2).

16       A pleading must contain a "short and plain statement of the claim *showing* that the

17  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not

18  demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

19  unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

20  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

21  statements, do not suffice." Id.

22       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

23  claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly,

24  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

25  that allows the court to draw the reasonable inference that the defendant is liable for the

26  misconduct alleged." Id.  "Determining whether a complaint states a plausible claim for

27  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

JDDL      28                                          - 2 -

1    experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific factual

2    allegations may be consistent with a constitutional claim, a court must assess whether there

3    are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

4         But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

5    must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th

6    Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

7    than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89,

8    94 (2007) (*per curiam*)).

9    **II.     Third Amended Complaint**

10        In his three-count Third Amended Complaint, Plaintiff sues the following Defendants:

11   GEO Corporation, Doe Corporation, GEO Corporation Correctional Officers John Doe I and

12   John Doe II, and Arizona Department of Corrections Correctional Officers John Doe III and

13   John Doe IV.

14        In Count One, Plaintiff alleges a violation of the Fourteenth Amendment regarding

15   a threat to his safety.  Plaintiff asserts that he was secured with hand and leg restraints and

16   placed on a bus to be transferred from a prison in Oklahoma to a prison in Arizona.  He

17   claims that he immediately informed Defendants John Doe I and II that the hand restraints

18   were too tight and were cutting off the circulation to his hands, but Defendants John Doe I

19   and II ignored his complaints.  Plaintiff asserts that Defendants John Doe I and II observed

20   Plaintiff's wrists change color and become swollen, but continued to ignore Plaintiff's

21   requests to have the hand restraints loosened.  Plaintiff contends that within one hour of

22   entering the bus, Defendants John Doe I and II knew the restraints were too tight, knew "of

23   the substantial risk of serious harm and injury [from] having the hand restrain[t]s too tight,"

24   and knew that there was a risk "to Plaintiff's safety and/or the possible loss of limb."

25   Plaintiff alleges that as a result of Defendants John Doe I and II's deliberate indifference and

26   failure to loosen the hand restraints, Plaintiff has suffered permanent damage and injury to

27   his right hand, wrist and forearm.

28        In Count Two, Plaintiff alleges a violation of the Fourteenth Amendment regarding

JDDL                                        - 3 -

1   a threat to his safety.  Plaintiff asserts that after he arrived at the Arizona prison, he informed

2   Defendants John Doe III and IV of the injuries to his wrists and hands from the hand

3   restraints being too tight and told them that he had severe pain and a lack of mobility.

4   Plaintiff contends that it was clear that he urgently needed medical attention and that his

5   condition would worsen if he did not receive immediate medical attention.  Plaintiff alleges

6   that Defendants John Doe III and IV did not arrange for Plaintiff to be seen by medical

7   personnel, replaced the hand restraints, and placed Plaintiff on another bus to be transferred

8   to a different Arizona prison.

9         Plaintiff asserts that during the bus ride, he informed Defendants John Doe III and IV

10  that he was suffering severe pain and, in retaliation, Defendant John Doe III would jerk the

11  steering wheel of the bus to cause Plaintiff's body to be "tossed around within the passenger

12  compartment of the bus[,] which caused Plaintiff, and similarly situated inmates, to collide

13  with one-another and those fixtures within the passenger compartment."  Plaintiff also

14  contends that Defendant John Doe IV would direct Defendant John Doe III to jerk the

15  steering wheel in response to Plaintiff's or other inmates' requests for medical treatment or

16  to have their hand restraints loosened.  Plaintiff claims that  Defendants John Doe III and IV

17  were deliberately indifferent to his safety, medical condition, and serious medical needs, and

18  that, as a result, he has suffered permanent damage to his right hand, wrist, and forearm, and

19  nightmares and other psychological trauma.

20        In Count Three, Plaintiff alleges that Defendants John Doe I, II, III, and IV's failure

21  to loosen his hand restraints constitutes deliberate indifference in violation of the Fourteenth

22  Amendment.

23        In his Request for Relief, Plaintiff seeks a declaratory judgment and monetary

24  damages.

25  **III.  Failure to State a Claim**

26        **A.  Defendants GEO Corporation and Doe Corporation**

27        To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific

28  injury as a result of specific conduct of a defendant and show an affirmative link between the

JDDL      - 4 -

1   injury and the conduct of that defendant.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377

2   (1976).  There is no *respondeat superior* liability under § 1983, and therefore, a defendant's

3   position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights

4   does not impose liability.  Monell v. New York City Department of Social Services, 436 U.S.

5   658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List,

6   880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to Bivens

7   and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the

8   official's own individual actions, has violated the Constitution."  Iqbal, 129 S. Ct. at 1948.

9   Plaintiff has not alleged that Defendants GEO Corporation and Doe Corporation

10  personally participated in a deprivation of Plaintiff's constitutional rights, were aware of a

11  deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries.  He has

12  made no allegations at all against Defendants GEO Corporation and Doe Corporation.  Thus,

13  the Court will dismiss without prejudice Defendants GEO Corporation and Doe Corporation.

14      **B.      Count Three**

15      The Court will dismiss Count Three because it is entirely duplicative of Plaintiff's

16  allegations in Counts One and Two.

17  **IV.   John Doe Defendants**

18      Liberally construed, Plaintiff has stated deliberate indifference claims in Count One

19  against Defendants John Does I and II and in Count Two against Defendants John Does III

20  and IV.  Although Plaintiff has alleged his claim with enough specificity to require an answer

21  from these individuals, the Court will not direct that service be made on the John Doe

22  Defendants at this time.  Generally, the use of anonymous type appellations to identify

23  defendants is not favored.  Rule 10(a) of the Federal Rules of Civil Procedure requires the

24  plaintiff to include the names of the parties in the action.  As a practical matter, it is

25  impossible in most instances for the United States Marshal or his designee to serve a

26  summons and complaint on an anonymous defendant.

27      Plaintiff has not explained why he has not supplied the names of the John Doe

28  Defendants.   It is unclear why Plaintiff could not identify them from any related incident

JDDL                                                    - 5 -

1  reports or logs from the bus trips.  It is also unclear why Plaintiff has not been able to obtain

2  their true names since the incident.

3      However, the Court will not dismiss the Third Amended Complaint at this time.  See

4  Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (where identity of alleged

5  defendants is unknown prior to filing of complaint, plaintiff should be given an opportunity

6  through discovery to identify the unknown defendants, unless it is clear that discovery would

7  not uncover the identities or that the complaint would be dismissed on other grounds).  The

8  Court will give Plaintiff 30 days to respond to this Order in a written pleading entitled

9  "Response."  Plaintiff's Response must include either (1) the name of at least one of the John

10  Doe Defendants **or** (2) an explanation of what Plaintiff has done to try to learn their names,

11  a description of what discovery he would undertake to learn their names, and the identity of

12  at least one person who could be served with discovery.  If Plaintiff fails to timely file his

13  Response, this case will be dismissed without prejudice and without further notice.

14  **V.    Warnings**

15      **A.    Release**

16      Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

17  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

18  the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

19  in dismissal of this action.

20      **B.    Address Changes**

21      Plaintiff must file and serve a notice of a change of address in accordance with Rule

22  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

23  relief with a notice of change of address.  Failure to comply may result in dismissal of this

24  action.

25      **C.    Copies**

26      Plaintiff must submit an additional copy of every filing for use by the Court.  See

27  LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice

28  to Plaintiff.

JDDL

1    **D.      Possible Dismissal**

2           If Plaintiff fails to timely comply with every provision of this Order, including these

3    warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,

4    963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

5    comply with any order of the Court).

6    **IT IS ORDERED:**

7           (1)      Count Three is **dismissed** without prejudice.

8           (2)      Defendants GEO Corporation and Doe Corporation are **dismissed** without

9    prejudice.

10          (3)      Within **30 days** of the date of this Order, Plaintiff must file a **Response** to this

11   Order that includes either (1) the name of at least one of the John Doe Defendants **or** (2) an

12   explanation of what Plaintiff has done to try to learn their names, a description of what

13   discovery he would undertake to learn their names, and the identity of at least one person

14   who could be served with discovery.

15          (4)      If Plaintiff fails to file a Response within 30 days, the Clerk of Court must enter

16   a judgment of dismissal of this action without prejudice and without further notice to

17   Plaintiff.

18          DATED this 18th day of July, 2012.

19

20

21   _____

22   Robert C. Broomfield
     Senior United States District Judge

23

24

25

26

27

28

JDDL                                              - 7 -